IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | | |
|---|---|---|
| THOMAS K. NUNLEY and JOHNNY NUNLEY, | ) ) ) | |
| Plaintiffs, | ) ) ) | |
| VS. | ) ) ) | No. 05-1014-T/An |
| STEVE FLORENCE, Individually and in his Official Capacity; TENNESSEE DEPARTMENT OF SAFETY; JOHN DOES 1 through 25, Individually and in their Official Capacity; XYZ ENTITY, 1 through 25, | ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

ORDER GRANTING MOTION TO DISMISS

This action was filed by plaintiffs Thomas K. Nunley and Johnny Nunley, alleging that their constitutional rights under the Fourth and Fourteenth Amendments were violated during an incident that occurred on January 24, 2004. Plaintiffs also are purportedly asserting state common law claims against the defendants.[1] The named defendants are the Tennessee Department of Safety and Steve Florence, a state trooper with the Tennessee

---

[1] The introductory paragraph of the complaint states that the action is brought to recover damages for "violations of constitutional rights, as well as common law torts committed against them by the defendants." However, in the portion of the complaint setting out the causes of action, no specific common law torts are actually identified.

Highway Patrol Division of the Department of Safety.  Florence is sued in both his individual and his official capacity.[2]  Plaintiffs seek both compensatory and punitive damages.

Before the Court is a motion to dismiss the plaintiffs' claims against the Department of Safety and the official capacity claims against Florence for lack of subject matter jurisdiction, pursuant to Fed. R. Civ. P. 12(b)(1). Pursuant to Local Rule 7.2(a)(2), plaintiffs' response to the motion to dismiss was due within thirty days after service of the motion. However, plaintiffs have filed neither a response nor a motion for extension of time to respond.  Therefore, the motion to dismiss is ripe for disposition.

Lack of subject matter jurisdiction is an affirmative defense that may be asserted in a motion to dismiss.  Where the defendant raises a facial challenge to subject matter jurisdiction pursuant to Rule 12(b)(1), the burden of proving jurisdiction is on the plaintiff. See Michigan Southern R.R. Co. v. Branch & St. Joseph Counties Rail Users Ass'n., Inc., 287 F.3d 568, 573 (6th Cir. 2002); Hedgepeth v. Tennessee, 215 F.3d 608, 611 (6th Cir. 2000).

The defendants argue that the plaintiffs' claims against the Department of Safety and the official capacity claims against Florence are barred by the Eleventh Amendment.  The Eleventh Amendment provides a state, and its agencies and departments, with immunity from suits brought in federal court by its own citizens as well as by citizens of another state. Pennhurst State Sch. and Hosp. v. Halderman, 465 U.S. 89, 100 (1984); Employees v. Missouri Dept. of Pub. Health and Welfare, 411 U.S. 279, 280 (1973).  There are exceptions

---

[2] Plaintiffs have also sued unidentified "John Doe" individuals and "XYZ" entities.

to this general rule where Congress statutorily abrogates Eleventh Amendment immunity through clear and unmistakable language, Atascadero State Hosp. v. Scanlon, 473 U.S. 234, 242 (1985), and where a state expressly waives its sovereign immunity by specifying its intention to subject itself to suit in federal court. Id. at 241; Pennhurst, 465 U.S. at 90; see also Lapides v. Bd. of Regents of Univ. Sys. of Ga., 535 U.S. 613 (2002) (A state that is sued in state court waives Eleventh Amendment immunity by removing the case to federal court.).

Tennessee has not waived its sovereign immunity to allow common law tort claims to be brought against it in federal court. Tenn. Code Ann. § 20-13-102.[3] Rather, exclusive jurisdiction over claims for money damages against the state based on the acts or omissions of state employees lies in the Tennessee Claims Commission. Tenn. Code Ann. § 9-8-307(a).

With regard to plaintiffs' federal claims, the Supreme Court has held that § 1983 does not abrogate the Eleventh Amendment immunity of the states and their agencies and departments. Quern v. Jordan, 440 U.S. 332, 340-45 (1979). Tennessee has not waived its sovereign immunity with respect to suits under § 1983. See Berndt v. State of Tennessee, 796 F.2d 879, 881 (6th Cir. 1986); Gross v. University of Tennessee, 620 F.2d 109, 110 (6th Cir. 1980); American Civil Liberties Union v. State of Tennessee, 496 F. Supp. 218, 220 (M.D. Tenn. 1980). Furthermore, a state is not a "person" that may be sued under § 1983 for

---

[3] The statute provides:
(a) No court in the state shall have any power, jurisdiction, or authority to entertain any suit against the state, or against any officer of the state acting by authority of the state, with a view to reach the state, its treasury, funds, or property, and all such suits shall be dismissed as to the state or such officers, on motion, plea, or demurrer of the law officer of the state, or counsel employed for the state.

money damages.  <u>Lapides</u>, 535 U.S. at 617 (citing <u>Will v. Michigan Dept. of State Police</u>, 491 U.S. 58, 66 (1989)).

Plaintiffs' claims against the Department of Safety are barred by the Eleventh Amendment.  In addition, suits against state employees in their official capacities are, in essence, suits against the state itself.  <u>Will</u>, 491 U.S. at 71; <u>Kentucky v. Graham</u>, 473 U.S. 159, 165-66 (1985); <u>Brandon v. Holt</u>, 469 U.S. 464, 471 (1985). Therefore, plaintiffs' claims against Florence in his official capacity are also barred by the Eleventh Amendment.

The motion to dismiss (dkt. #4) is GRANTED; accordingly, all claims against the Tennessee Department of Safety and all claims against Steve Florence in his official capacity are hereby DISMISSED.  The claims against Florence in his individual capacity remain pending.

IT IS SO ORDERED.

 s/ **James D. Todd**  
JAMES D. TODD  
UNITED STATES DISTRICT JUDGE